## JONES v. KOLISENSKI.

1. In a suit between K. and J. the record of a recovery against J. in a suit in which he was summoned by a stranger as the debtor of K. but denied his indebtedness, is no evidence of the amount then due to K. although in a contest between the creditor and J. the latter was found to be indebted to K. in a sum greatly less than claimed in the suit by K. The whole proceedings in the other suit are *res inter alias acta*,

Writ of Error to the Circuit Court of Conecuh.

Assumpsit, for work and labor, &c. by Kolisenski against Jones. The defendant pleaded non-assumpsit, set off, and a former adjudication in short.

At the trial, the defendant produced the record of a suit in the county court of said county, in which he, as the garnishee of the plaintiff, at the suit of one Davidson, appealed from a judgment of a justice of the peace. He denied owing the plaintiff, and the attaching creditor took issue on his answer, when a verdict was found against him for six dollars, for which sum judgment was given for the attaching creditor. The circuit court refused to permit this record to be

read as evidence, except to show the amount recovered, and which amount was to be deducted from the plaintiff's claim in this suit, and the court instructed the jury this record was no bar to the present suit.

The defendant then offered to show the plaintiff was a party or privy to the suit in the county court, but the court rejected all evidence that the plaintiff was a privy to that suit except what was shown by the record.

The defendant excepted to these several rulings, and they are now assigned as error.

PORTER, for the plaintiff in error, cited Toulmin v. Lessesne, 2 Ala. R. 359 ; Mardis v. Shackleford, 1 Ib. 493 ; Tubb v. Madding, Minor, 129 ; Thompson v. Allen, 5 S. & P. 119.]

WATTS, contra, insisted, the evidence was properly rejected, because the plaintiff was no party to the suit in the county court. To give this record any effect, it should appear the plaintiff contested the defendant's answer in that cause, and also that the sum claimed by the creditor was more than the judgment allowed.

GOLDTHWAITE, J.—We think it very clear there was no error in the action of the circuit court. The record of the suit in the county court was a matter which in no way concluded either of the parties to this suit, for as to them it was *res inter alios acta.* Our statutes provide, it is true, that the defendant in attachment may controvert the answer of his debtor, when summoned as garnishee at the suit of another, (Dig. 60, § 24, 25;) but unless this is done, the proceedings are between the creditor and debtor only, and the judgment is operative for the latter only as laying the foundation for a set off, or payment, by showing its satisfaction. In another point of view, even if admitted as evidence, it was no bar, for the creditor may have claimed no more than the sum recovered, in which event the judgment would be as it is, although the jury trying the cause were entirely satisfied more was due. On all points the decision was strictly correct.

Judgment affirmed.