# GLIDDON vs. McKINSTRY.

[ACTION AGAINST ACCEPTOR OF WRITTEN ORDER FOR NEGLIGENCE IN COLLECTING AND FAILURE TO PAY WHEN COLLECTED.]

1. *Order payable out of particular fund, when collected, not bill of exchange.*—A written order, requesting the person to whom it is addressed to pay a specified sum out of the proceeds of a certain judgment, when collected, is not a bill of exchange.

2. *Consideration of acceptance of such order may be proved, and how.*—The acceptor of such an order, when sued for negligence in collecting and failure to pay when collected, may prove the consideration on which his acceptance was based; and for this purpose may show that the money collected on the judgment was paid to other persons who had prior claims on the fund, and that the balance was not collected.

3. *Abstract charge properly refused.*—A charge upon a question which is not shown, either by the pleadings or the bill of exceptions, to have been raised in the case, is abstract, and may be refused for that reason.

4. *Burthen of proving diligence or negligence.*—Where the payee of a written order, requesting the defendant to pay out of the proceeds of a certain judgment when collected, brings suit after acceptance, for the defendant's negligence in collecting and failure to pay when collected, the burthen of proving negligence is on the plaintiff, and not on the defendant to prove diligence.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

This action was brought by John S. Gliddon against Alexander McKinstry, and the complaint was as follows:

"The plaintiff claims of the defendant $225, due on an order drawn by John A. Cuthbert, on the 27th day of June, 1846, as follows: 'Alex. McKinstry, Esq.—Please pay to John Gliddon $225 out of the proceeds of the judgments from the county court of Mobile county, in your favor, against A. C. Hollinger and A. Hollinger, when collected; this sum to be credited on your acceptance of an order in my favor for money to be collected on said judgments;' which said order was accepted by said McKinstry, payable to John Gliddon; and though money sufficient to pay said order has been received from said judgments, it is still due and unpaid. And plaintiff further claims of defendant $225, for that the said defendant did accept a certain order, drawn by John A. Cuthbert, on the 27th day of June, 1846, as follows:" (setting it out as above;) "which said order was signed by John A. Cuthbert, and accepted by said McKinstry, payable to John Gliddon; and plaintiff further avers that, by the exercise of due diligence, the said judgments, or a sufficient amount thereof to satisfy said order, might have been collected by defendant, but that he negligently, and of his own wrong, failed and refused to collect said judgments, and has never paid said order, or any part thereof. And plaintiff further claims of the defendant $225, on an order, drawn by John A. Cuthbert, on the 27th day of June, 1846, as follows:" (setting it out as above;) "which said order was accepted by McKinstry, acting as trustee for John A. Cuthbert and others, and the interest of said Cuthbert being for a greater amount than is called for in said order; and though defendant has collect-

cd sufficient money out of said judgments to satisfy said order, it is still due and unpaid."

The defendant pleaded, in short by consent, " the general issue, with leave to give any special matter in evidence."

On the trial, as appears from the bill of exceptions, the plaintiff read in evidence the order described in his complaint, which was endorsed "accepted," and the defendant's name signed to the endorsement. " He further proved by a witness, that defendant admitted to him that he had collected $450 out of said judgments, and that this admission was made about two years since; but the witness stated, on cross-examination, that defendant said, at the same time, that he had paid over all the money to other persons than the plaintiff, to whom it belonged; and witness said, that defendant named the persons to whom he had paid the money, but that he had forgotten who they were. To this answer the plaintiff objected, because it was illegal; which objection the court overruled, and the plaintiff excepted. Plaintiff here closed his case."

" The defendant then introduced in evidence a deed of trust, made by Thomas A. Carr, dated February 9th, 1844, transferring a note for $692 42, dated April 1st, 1844, payable twelve months after date, made by Adam C. Hollinger, in favor of, and endorsed by Alex. Hollinger, then in the possession of C. A. Gilbert, upon which said judgments were founded; in which said deed it is specified that said Carr's interest in said note amounts to $400, more or less; and said deed provides that said defendant should, out of the proceeds of said note when collected, pay a debt of $130 due to S. Mordecai, and a debt of $280 due to C. A. Gilbert. The plaintiff objected to the introduction of said deed, because the same was illegal testimony; which objection was overruled by the court, and plaintiff excepted."

The defendant then offered the deposition of said Cuthbert, who testified, that Thomas A Carr, being indebted to him in about the sum of $500, assigned to him his (Carr's) interest in the judgments which McKinstry had obtained against A. C. Hollinger and Alex. Hollinger; that this assignment, which has since been lost, gave him power to call on McKinstry for payment of the money collected on said judgment;

that McKinstry was not indebted to him at the time he gave said order to Gliddon, and that said order was founded entirely on the interest acquired by witness through the assignment of said Carr; that it was his understanding that a debt to C. A. Gilbert was to be first paid by McKinstry, but he did not so inform Gliddon at the time said order was given, the order having been sent to him by the hands of a third person. The plaintiff objected to the introduction of this deposition, " because the same was both illegal and irrelevant"; but the court overruled the objection, and the plaintiff excepted. The defendant then proved the payment of the debts to said Mordecai and Gilbert, under said deed of trust, and their receipts for the same. The plaintiff also objected to this evidence, as irrelevant and illegal; but the court overruled the objection, and the plaintiff excepted.

" This was all the evidence in the cause; and the plaintiff thereupon requested the court to charge the jury as follows: 1. That the question of consideration cannot arise between the parties to this case. 2. That the statute of limitations does not commence until the plaintiff knew that the defendant had collected the money. 3. That the defendant was bound to collect the money due upon said judgments, or to use due diligence in collecting it; and that it is for him (the defendant) to show due diligence. 4. That if the defendant did collect more than the plaintiff's claim, or did not use due diligence to collect, then the question of consideration does not arise. All these charges the court refused to give, and the plaintiff excepted to each refusal."

The rulings on the evidence, and the refusals to charge as asked, are now assigned as error.

E. S. DARGAN, for appellant.

R. H. SMITH, contra.

GOLDTHWAITE, C. J.—We are unable to perceive any error in the rulings of the primary court in this case. The instrument executed by Cuthbert, in favor of the appellant, requesting McKinstry to pay appellant two hundred and twenty-five dollars, " out of the proceeds of the judgments from the county court of Mobile county against A. C. & A.

Hollinger, when collected", and which was accepted by McKinstry, is not a bill of exchange. It is not payable absolutely, but the order is to pay out of certain proceeds *when collected*, and which might or might not be collected. It was for a part of the judgment previously transferred to Cuthbert.

It was competent, therefore, for McKinstry to show by proof the consideration upon which his acceptance was based, and that no funds, the proceeds of the judgments mentioned in the order, belonging to Cuthbert, the drawer thereof, ever came to his (McKinstry's) hands. As tending to show this, the court properly allowed him to introduce the trust deed from Carr, by which the claim on which the judgments were founded was transferred to McKinstry; also, the depositions of Cuthbert and Gilbert, no objection being taken to either of these witnesses on the score of interest. This evidence showed that the funds which had been collected upon the judgments were exhausted by payments to those having claims prior to that of appellant, and that the portion of the judgment assigned by Carr to Cuthbert, and by the latter to appellant, has not yet been collected.

As respects the charges: The first, which denied an inquiry into the consideration of the appellee's acceptance, was properly refused. The acceptance must be taken in connection with the request, which was conditional, and, when properly construed with reference to the subject-matter, amounted to a promise on the part of McKinstry to pay the amount of the order to Gliddon, when that sum should be collected by him, which would otherwise have been payable to Cuthbert.

For aught that appears, the second charge was purely abstract, as no question appears to have been raised by the pleadings, nor by the bill of exceptions, involving the statute of limitations. It does not appear that it was insisted on, and hence the court might well refuse to charge upon it.

The third charge assumes, that the *onus* of proving diligence was cast upon McKinstry, and that he could be held liable for neglect in failing to collect the judgments, in the absence of all proof showing, or tending to show, that he failed to do his duty respecting said demand. Such is not the law. The plaintiff avers negligence, and he must prove

it, or some fact from which the jury may properly infer it. Until he does this, the defendant may remain passive, as no case is made against him.

The fourth charge denies to McKinstry the right to discharge the prior liens upon the sum collected, assuming that, if he collected more than the apppellant's claim, the question of the consideration of his acceptance could not arise. We have seen that this position cannot be sustained, (see Smith v. Houston, 8 Ala. R. 736); and although other portions of this charge might be proper, yet, being connected with this, which was bad, the court properly rejected the whole.

Judgment affirmed.

WALKER, J., not sitting.