RUPERT & CASSITY *vs.* ELSTON'S EXECUTOR.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST MAKERS.]

1. *Abatement and revivor of action.*—In an action against two joint makers of a promissory note, if one of the defendants dies pending the suit, the statute (Code, § 2146) does not authorize a revivor against his personal representative; yet, if the plaintiff suggests the death of the deceased, and asks leave to revive against his personal representative, he cannot complain that the court would not let him proceed against the survivor jointly with the personal representative of the deceased, but compelled him to elect whether he would take a nonsuit, or would proceed against either one separately.

2. *Competency of principal as witness for surety.*—In an action against the surety alone, on a promissory note executed by him jointly with his principal, the principal is a competent witness for him under section 2302 of the Code, though he was not at common law.

3. *Presumption in favor of ruling of primary court.*—Where the bill of exceptions states, that plaintiff objected to the competency of a witness for the defendant, "because it appeared upon his examination *voir dire* that he had indemnified the defendant's testator against any loss arising from the claim sued on;" and that the court overruled the objection,—the appellate court will presume, if the testimony of the witness on his preliminary examination is not set out, that the objection was not sustained by the facts.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by the appellants, as the surviving partners of the late firm of Rupert, McLellan & Co., against William L. Elston and Samuel H. Dixon; and was founded on a promissory note, of which the following is a copy:

"$8,500. Mobile, Dec. 7, 1853.

"Sixty days after date, we promise to pay, to the order of Rupert, McLellan & Co., eight thousand five hundred dollars, value received; negotiable and payable at the Southern Bank of Alabama at Mobile."

(Signed,) SAMUEL H. DIXON,

WILLIAM L. ELSTON.

The defendant Elston, separately, pleaded the general issue, want of consideration, failure of consideration,

payment, set-off, and several special pleas of *non est factum*, in which he alleged, in substance, that he signed the note in blank, as the surety, and for the accommodation of Dixon, in order that it might be delivered to Rupert, McLellan & Co., and be filled up by them for one-half the amount of said Dixon's indebtedness to them; that the entire amount of Dixon's said indebtedness was represented by him, and was in fact, not more than $11,000; that the note, signed in blank, was delivered to one of the plaintiffs, for the purpose specified, and was filled up by him, without defendant's knowledge or consent, for a much larger sum than was intended, and that the sums since paid on it exceeded the amount for which it was intended to be given.

At the May term, 1858, the plaintiffs suggested the death of William L. Elston, and asked leave to revive the suit against his personal representative when known. At the next succeeding term, at which the trial was had, "the plaintiffs moved the court to revive their action against Jonathan L. Elston, as the executor of said William L. Elston; and thereupon said Jonathan L. Elston came into court, waived *scire facias*, and consented to be made a party defendant thereto. The plaintiffs then moved the court to be allowed to proceed against said Dixon and Jonathan L. Elston, executor as aforesaid, jointly; which motion the court overruled, and the plaintiffs excepted. Thereupon, under the compulsion of the court, the plaintiffs then amended their complaint, by striking out the name of said Dixon, and proceeded in said cause against said Jonathan L. Elston, as executor, alone."

After the plaintiffs had read in evidence the note sued on, and proved the genuineness of the signatures thereto, " the defendant introduced as a witness Samuel H. Dixon, the principal in the note sued on. The plaintiffs objected to said Dixon, as being incompetent, for the following reasons: 1st, because it appeared upon his examination *voir dire* that he had indemnified defendant's testator against any loss arising from the said claim sued on; 2d, because the judgment in this suit would be evidence for

said Dixon in another suit; and, 3d, because said Dixon being the principal maker of said note, and defendant's testator being his surety, said Dixon would be liable over to defendant, in another action;—which objections the court severally overruled, and the plaintiffs excepted."

The errors assigned are : "1st, the several rulings of the court set forth in the bill of exceptions; 2d, the refusal of the court to permit the plaintiffs to proceed against Dixon and W. L. Elston's executor jointly ; and, 3d, compelling the plaintiffs to elect whether to take a nonsuit, or to dismiss their action as to one of the defendants."

CHILTON & MORGAN, for appellants.—1. Elston's executor voluntarily came in, and was made a party; and he could not be admitted afterwards to say that he was wrongfully made a party.—Byrd v. McDaniel, 26 Ala. 582; Harrison v. Harrison, 20 Ala. 629; Lampley v. Beavers, 25 Ala. 534; Moore v. Phillips, 8 Porter, 467 ; Hobson v. Emanuel, 8 Porter, 442; Clark v. Stoddard, 3 Ala. 366 ; McKey v. Torry, 28 Miss. (6 Cush.) 778. After this, it was too late for the court to require the plaintiffs to shape their case differently, or to elect which one of the defendants they would proceed against.—Townsend v. Jeffries, 24 Ala. 329 ; Commonwealth v. York, 9 B. Monroe, 40.

2. Section 2143 of the Code makes the obligation sued on joint and several, and section 2146 expressly authorizes the revival of the action against the executor of the deceased, and its prosecution against him and the survivor jointly. The common-law rule, that there is no survivorship to the administrator of a deceased co-obligee, and the doctrine founded on that rule, that the administrator of a deceased co-obligee could not be sued, both fall before this statute.— Smith v. Crotcher, 27 Miss. 456 ; 5 Sm. & Mar. 109; 6 ib. 161 ; 9 Texas, 519; 2 Ala. 400 ; 6 Ala. 343 ; 8 Ala. 574; 9 Porter, 456; 5 Pike, 59.

3. Dixon was not a competent witness for the defendant, being a co-maker of the note with defendant's testator, and having indemnified the latter, who was his surety,

against all liability on the note.—Code, § 2302; Richards v. Griffin, 5 Ala. 195; Bondurant v. State Bank, 7 Ala. 830; Garrett v. Holloway, 24 Ala. 376.

Jas. B. Martin, and L. E. Parsons, *contra.*—1. Having brought Elston's executor into court as a party, the plaintiffs could not proceed against him and Dixon jointly. This has been the settled construction of the act of 1824 for more than twenty years, which is now substantially incorporated in the Code.—Clay's Digest, 314, § 4; Code, § 2146; Gayle v. Agee, 4 Porter, 507; Gregg v. Bethea, 6 Porter, 10; Harrison v. King, Minor, 364.

2. The sole ground on which the principal has ever been held incompetent as a witness for his surety, at least in this State, is, that while his interest is equally balanced as to the debt, he is liable over to the surety for the costs of the suit; and whenever this liability has been released, he has been held competent.—Richards v. Griffin, 5 Ala. 195; Bondurant v. State Bank, 7 Ala. 830; Commercial Bank v. Whitehead, 4 Ala. 637; 2 Barr, 286; 2 Metc. 179. Section 2302 of the Code removes this objection, and restores the competency of the witness, since it is evident that the judgment in this case could not be used for or against the witness in another suit. The other objection to the competency of the witness is not so presented that it could be noticed by this court, because the bill of exceptions does not set out the testimony of the witness on his preliminary examination.

STONE, J.—The act of 1802 (Clay's Dig. 313, § 1) provides, that the death of either party, plaintiff or defendant, in a pending suit, shall not cause an abatement of the action, in case the cause of action by law survive. It then provides in what manner the representative of the party dying shall be brought before the court, and how the action shall proceed.

In 1824 another statute was passed, which provided that, where there are two or more plaintiffs or defendants in any suit, and one or more of them die, the death of such party shall be suggested upon the record; and if the

cause of action survive, the suit shall not abate, but be prosecuted in favor of, or against the survivor.—Clay's Dig. 314, § 4.

These statutes were construed at an early day; and it was held that, in cases where there were more plaintiffs or defendants than one, then the death of a part of the plaintiffs or defendants did not authorize the joining of the representative of a deceased party, as a co-plaintiff or co-defendant with the survivor or survivors. The proper rule in such case was said to be, to abate the suit as to the deceased party or parties, and permit the litigation, in case the cause of action survived, to proceed in the names of the surviving parties.—Bebee & Brewer v. Miller, Minor, 364; Gayle v. Agee, 4 Porter, 507; Gregg v. Bethea, 6 Porter, 9.

The principle thus early settled has withstood the scrutiny of thirty-five years, and has never been departed from. We have no disposition to unsettle a principle which has been so long acquiesced in, and which has so frequently been the basis of judicial action in the courts of original jurisdiction.

It is contended, however, that the Code (§ 2146) has substantially departed from our former statutes; and whether the construction above noticed was correct or not, a different rule should now be declared. The language of the Code is: "§ 2146. No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion within eighteen months thereafter, be revived in the name of, or against the legal representative of the deceased, his successor, or party in interest; or the death of such party may be suggested upon the record, and the action proceed in the name of, or against the survivor."

The argument rests mainly on the last clause of this section.

It will be observed, that this section, in its first clause, provides a remedy against abatements for causes other than the death of some of the parties. What is embraced within the phrases, "*or other disability*," "*his successor*," or

"*party in interest*," we need not now inquire, as they are not presented for our consideration by anything in this record. Neither is it necessary that we should inquire whether the *eighteen months* allowed, within which to revive, is applicable to any abatement by any *other disability* than the death of one or more of the parties. These questions will be considered when they arise.

Although we do not undertake to define what is meant by the *other disabilities* mentioned in this section, the language clearly proves that the first clause of section 2146 of the Code is much more comprehensive than the section of the act of 1802 noticed in the opening of this opinion.

It is known to all who have examined the compilation of laws known as "The Code of Alabama," that brevity of expression was, with its framers, a cardinal principle. The substance of two or more sections of our statutes, previously enacted, was condensed into one section or sentence, whenever their provisions and subject-matter would permit such condensation. So steadily was this purpose kept in view, that the full import of some of the sections is difficult of clear and satisfactory ascertainment.

The last clause of section 2146 of the Code was intended to supply the place of the act of 1824, § 1, (Clay's Dig. 314, § 4;) and probably the entire section 2146 of the Code covers the ground occupied by sections 1 and 4, (Clay's Dig. 313–14,) if no more. We come to this conclusion, because the language of the last clause of that section admits readily of this construction, and we have been cited to no other provision of the Code, which relates to the subject provided for by the act of 1824, § 1. We then read the last clause of that section as if it were thus written : "Or, [in case there are two or more parties plaintiff or defendant, and one or more of such parties, less than the whole, die,] the death of such party may be suggested upon the record, and the action proceed in the name of, or against the survivor." This construction strictly follows our former decisions, while the one contended for would produce a radical change, which we have no grounds for supposing the legislature intended to make.

It is contended, that sections 2143, 2156 and 2157 of the Code, bear on the construction of section 2146. Section 2143 simply declares, that certain joint liabilities to pay money are several as well as joint. Section 2156 provides, that in all suits against two or more defendants, a recovery may be had against a number of the defendants, less than the whole. Section 2157 simply declares what actions survive. Neither of these sections contains any provision as to the mode or right of reviving suits, which have abated, after their commencement, by the death of any of the parties.

Another argument. Section 2146 of the Code is general in its terms, and must receive the same construction in every form of action which survives. Suits by and against partners are evidently embraced by it. It is a familiar rule of law, that partnerships are generally dissolved by the death of one or more of the co-partners; and in such case, the rights of the partnership devolve upon the survivors. In them is the legal right to recover and administer the legal effects; and they alone, before the Code, could maintain suits on partnership demands. Under section 2146 of the Code, the right to revive in favor of the representative of a deceased plaintiff is co-extensive with the right to revive against the representative of a deceased defendant. The argument of appellants would lead to the anomalous result of permitting a recovery in the name of a party who would, at law, have no right to control the effects when recovered.

Under these rules, it is manifest that, upon the death of Mr. Elston, this suit abated as to him. Mr. Dixon, the other defendant, being in life, the plaintiffs were not authorized to revive their then existing suit against Mr. Elston's executor. The order to that effect was, therefore, irregular, and, if asked, the court should at once have vacated it.—See Jones v. Brooks, 30 Ala. 588.

The appellants, however, cannot complain of this irregularity, because it was granted at their instance. Nor can they be heard to complain that the court gave them the election, to proceed either against Mr. Dixon, or against Mr. Elston's executor. This was an extra privi-

lege granted—not a right denied to them.—See Comstock
v. Givens, 6 Ala. 95; Prewitt v. Garner, 32 Ala. 13. Af-
ter the parties to the record were changed by the action
and consent of the plaintiffs and Mr. Elston's executor, and
an issue was formed by them, neither party would after-
wards be heard to complain of any irregularity before the
formation of the issue.—Gayle v. Heustis, *supra*; Byrd v.
McDaniel, 26 Ala. 582; Gager v. Gordon, 29 Ala. 341.

[2.] The only remaining question is that which denies
the competency of the witness Dixon to testify in favor
of his surety in a suit to which the witness was not a
party. We propose to consider this question in two
aspects; and first, as affected by the fact that Mr. Dixon
was the principal maker of the note, on which Mr. Elston,
his surety, was sued.

According to the rules of the common law, Mr. Dixon
would not have been a competent witness for the defense,
because his interest would not have been perfectly bal-
anced. He would have been liable to Mr. Elston's estate
for the costs of this action, had it gone against him;
whereas, if the verdict and judgment had been in favor of
the defendant, he would not have been liable to the plain-
tiffs for the costs incurred by them in this suit.—Richards
v. Griffin, 5 Ala. 195; Bondurant v. State Bank, 7 Ala.
830; Garrett v. Holloway, 24 Ala. 376.

The Code (§ 2302) has removed the disability to testify,
which rested on interest or liability for costs, " unless the
verdict and judgment would be evidence for him in
another suit." In the mere relation of principal which
Mr. Dixon sustained to Mr. Elston, his surety, the verdict
and judgment could not be evidence either for or against
the former, in another suit, in the legal sense of that
phrase.—Jones v. Kolisenski, 11 Ala. 607; McLelland v.
Ridgway, 12 Ala. 482; Kornegay v. Salle, *ib.* 534; Crutch-
field v. Hudson, 23 Ala. 393; Atwood v. Wright, 29 Ala.
346; Harris v. Plant & Co., 31 Ala. 639; Notes to Duchess
of Kingston's case, 2 Smith's Leading Cases, pp. 683, *et
seq.*; 2 Amer. Lead. Cases, vol. 2, p. 341; Moore v. Lea's
Adm'r, 32 Ala. 375.

[3.] One of the objections to the competency of the

witness Dixon is thus stated: "Because it appeared upon his examination *voir dire*, that he had indemnified defendant's testator against any loss arising from the said claim sued on." After stating two other objections to the competency of the witness, the bill of exceptions states, "which objections the court severally overruled, and the plaintiffs excepted." The record does not inform us what testimony Mr. Dixon gave on his examination *voir dire*. From anything which we can affirm, the court may have overruled the objection of the plaintiffs, because said ground of objection was not shown to exist in fact. The question would be analogous, if the competency of the witness had been objected to, "because it appeared upon his examination *voir dire* that the record of recovery in this suit would be evidence for the witness Dixon in another suit." This would not be an averment that the *fact* existed, but that plaintiffs had made such objection. Under an inflexible rule, which requires us to suppose, in the absence of the proof, that the circuit court had sufficient evidence before it, on which to base its judgment; or, more correctly as applicable to this case, that there was no evidence before the court to justify the decision invoked,—we feel bound to decide, that the court did not, in this particular, commit any error.—Gliddon v. McKinistry, 28 Ala. 408; Shep. Dig. 572, §§ 145–6.

The principle ruled in the case of Buford v. Gould, at the present term, is different from the one under consideration. In that case, the court was put in error; and the question was, had that error wrought any injury to the party against whose objection the decision was made? We held, that the record did not enable us to apply the doctrine of error without injury.

In what we have said, we do not wish to be understood as committing ourselves to the proposition, that in every case in which one party has indemnified another, he thereby renders himself incompetent to testify for that other, in a suit in relation to the matter against which the indemnity has been given. It is only where the nature of the indemnity is such as to create a legal privity, that the record of the recovery does become evidence for and

against the indemnitor in another suit. In such cases alone is the indemnitor an incompetent witness under the Code.—Harris v. Plant, 31 Ala. 639, 647.

The judgment of the circuit court is affirmed.