McLELLAND v. RIDGEWAY, use, &c.

1. A judgment in favor of one partner, in a suit in which he alone is a party, is no bar or evidence of payment in another suit by the same plaintiff against another partner, on the same cause of action. Whether it would not have been competent to have set up, and sustained by proof, the set-off, or payment, which enabled the other partner successfully to gainsay the

McLelland v. Ridgeway.

plaintiff's action, even if such payment, or set off, were made by, or were due to such partner in his individual capacity, *Quere.*

Error to the County Court of Mobile.

THIS was an action of assumpsit, at the suit of the defendant in error, on a writing by which Smith & McLelland acknowledged, on the 8th May, 1840, to be due to the plaintiff below, two hundred and ninety-five dollars, in Tombigby Rail Road money. The defendant pleaded, 1st. Non assumpsit. 2d. Payment. 3d. Set-off. 4th. That the plaintiff in this action, on the 2d day of October, 1843, in the circuit court of Noxubee county, in the state of Mississippi, recovered a judgment against the defendant and his co-maker, Smith, for the same identical cause of action for which the defendant is now impleaded; that the process in that suit was served on Smith alone, who pleaded, 1st, non assumpsit, 2d, payment, and issues being thereon joined, were submitted to a jury for trial on the merits; a verdict was returned in favor of the defendant for $203 51, and this sum being remitted by him, judgment was rendered against the plaintiff for costs. All which will appear by the record proceedings, &c., not in any manner reversed and annulled, &c. This plea is in due form, and contains the proper allegations, if the judgment relied on is an available bar. The plaintiff took issue on the first, second, and third pleas, and demurred to the fourth; his demurrer being sustained, the cause was submitted to the jury on the issues, who returned a verdict for the plaintiff for the sum of $208 33 damages, and judgment was rendered accordingly.

It appears from a bill of exceptions, sealed at the defendant's instance, that the facts alledged in the fourth plea, were proved on the trial. Thereupon, the court charged, that the record and judgment from the circuit court of Noxubee county, Mississippi, was only evidence that such a judgment was rendered, but being between different parties than those in this suit, was no evidence of the payment, satisfaction, relin-

quishment or discharge of the cause of action now sought to be enforced.

E. S. DARGAN, for the plaintiff in error, insisted, that the verdict in the case against Smith, in Mississippi, must have been upon proof of payment, or a set-off on notice under the general issue. No matter in which of these forms the defence was made, the debt was extinguished. The payment of a note by one of several joint makers or partners, amounts to a satisfaction by all, and either of them may avail himself of it. [1 Cow. Rep. 208; 5 Wend. Rep. 240.[

W. G. JONES, for the defendant in error. The fourth plea does not set up a good estoppel in favor of the defendant, because he was not a party to the judgment in Mississippi. [1 Starkie's Ev. 187, 191.] Under the pleas interposed by Smith, many defences might have been made personal to himself—as that the note was made by McLelland for his individual debt—that there was no partnership between them.

If the judgment in Mississippi had been against Smith, it would not be conclusive against the defendant in this action; so being in favor of Smith, it cannot bar a recovery against McLelland. [1 Stark. Ev. 195; 1 Phil. Ev. 326-7; 3 Id., C. & H's, 815, 818; 2 Johns. Rep. 382; 3 Rand. Rep. 576.] The same matter presented by the plea to which the demurrer was sustained, arises again upon the bill of exceptions. No extrinsic evidence was offered at the trial, to show on what particular ground the jury found their verdict against Smith; and it cannot, upon the record of that case alone, be inferred that the defence set up was available to the defendant below.

COLLIER, C. J.—There can be no question but the payment of a note or other liability, by one of several partners or joint promissors, shall enure to all. And whether such payment has been made by an advance of money, or by setting off or discounting notes individually due the party paying, is immaterial, if the liability has been discharged. But the important inquiry here is, whether the evidence offered

to establish the fact of payment, was admissible for that purpose.

It is said, that in general, no one can be bound by a verdict or judgment, unless he be a party to the suit, or be in privity with the party, or possess the power of making himself a party. If he come not within one of these categories, he has no power of cross examining the witnesses, of adducing evidence in furtherance of his rights, or appeal, and is deprived of the means provided by the law for ascertaining the truth ; and consequently it would be repugnant to the first principles of justice that he should be bound by the result of an inquiry to which he was altogether a stranger. [1 Stark. Ev. 191, and note 1, 1st Am. ed.] A record of one suit, it has been held cannot be used as evidence in another, on the ground that the defendant and one of the plaintiffs in the latter suit were parties to the former, and that the same point was in controversy in both ; another plaintiff and the person under whom both plaintiffs jointly claim not having been parties to the former suit. [Chapman v. Chapman, 1 Munf. Rep. 398 ; see Sanders v. Hamilton, 2 Hayw. Rep. 226, 282 ; Bond v. Ward, 1 Nott & McC. Rep. 201 ; Leather v. Poulteney, 4 Binn. Rep. 356 ; Burgess v. Lane, et al. 3 Greenl. Rep. 165.)

Persons in privity with either of the parties to the judgment, we have seen are bound by it, as if they had participated in the prosecution of the defence of the suit in which the judgment was rendered. But such are included in one of the following classes, viz : a privy in blood, or estate; or in law. Without stopping to define the particular relation which each of these contemplate, it is perfectly certain that the defendant below does not come within either of these categories, in respect to the parties to the suit in Mississippi, [1 Stark. E. 192-3.]

*Again :* It is a general rule, that a verdict shall not be used as evidence against a man where the opposite verdict would not have been evidence for him ; in other words, the benefit to be derived from the verdict must be *mutual.* Where the parties are not the same, one who would not have been prejudiced by the verdict, cannot afterwards make use of it; for as between him and a party to such verdict, the matter is *res novo,* although his title turns upon the same point, and the

verdict ought not to be admitted to prejudice the jury against the former litigant. Besides it is said, the verdict may have been obtained upon the evidence of the party who afterwards seeks to take advantage of it. [1 Stark. Ev. 195, and citations in notes ; 3 Stew. & Port. R. 369; 9 Id. 412 ; 3 N. Hamp. Rep. 415; 9 Conn. Rep. 23 ; 2 Pet. Rep. 186.]

In Sturges v. Beach, 1 Conn. Rep. 507, a bill was filed in chancery by S., claiming to be a creditor of the late firm of N. & B., dissolved by the death of N., against the executors of N., stating the insolvency of B. the surviving partner, and seeking satisfaction of his claim out of N's estate. The plaintiff offered in evidence a judgment in his favor in an action at law against B. as surviving partner. The court said it is a well known principle, that judgments are binding between parties and privies ; privies in blood, as heirs ; privies in law, as executors and administrators ; and that no man is to be concluded by a judgment when he was not a party or privy, and had no opportunity to be heard. There was no privity between B. and the executors of N. The insolvency of B. authorizes a proceeding in equity against the estate of N. It is like a new claim originating against the representatives of N., and must be supported as such. If a judgment against the surviving partner is sufficient evidence of a debt against the representatives of the deceased partner, then this mode of making out the claim would be usually adopted, and many frauds and collusions might be practised, which it would be very difficult to detect and expose. Hence it was concluded that the judgment was no evidence of a debt against the defendants.

If Smith, instead of defeating a recovery against him, had been unsuccessful in the suit in Mississippi, it would hardly be contended that the defendant would have been estopped by such a judgment. Upon what principle, then, can he invoke as a bar to the present action, the judgment in favor of his co-partner ? If the judgment in the one case will not operate to his prejudice; in the other, it shall not *proprio vigore* avail him as a defence when sued for the same cause of action. This is the obvious sequence from the principles we have stated.

The judgment, then, which the fourth plea relies on as a

bar, was not admissible for any other purpose, than to show, that such a judgment was rendered. Thus far influence was accorded to it. In sustaining the demurrer to the plea, and ruling as the court did as to the effect of the judgment, it follows that there was no error.

Whether it would not have been competent for the defendant to have set up and sustained by proof the payments or sets off which enabled his former partner successfully to gainsay the plaintiff's action—even if such payments or sets-off were made by, or were due to that partner in his individual capacity, we will not undertake to consider. Nor will we stop to inquire what proof would be sufficient to make out such a defence. We merely determine the point presented by the record, as to the effect of the judgment set up by the plea and offered in evidence. It results from what has been said, that the judgment of the county court must be affirmed.