## STARLING *vs.* BALKUM.

[FINAL SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *Liability of guardian for compound interest.*—As a general rule, a guardian is not chargeable with compound interest, unless he has collected it.

2. *Liability for specie.*—He is not chargeable in specie, on final settlement, on the ground that he received specie or its equivalent in 1861 ; United States treasury-notes being a legal tender for debts contracted before as well as since the passage of the act of congress of February 25, 1862.

3. *Right to credit for expenditures beyond income, and for board.*—If a guardian commit the custody and control of a female ward to a person who compels personal services from her, while her education and culture are wholly neglected, he will not be allowed a credit for her board within the value of her personal services, nor for expenditures beyond the income of her estate, when she is able to maintain herself.

4. *Competency of guardian as witness for himself.*—A guardian is a competent witness for himself, on final settlement of his accounts, to prove the correctness of any vouchers claimed by him.

APPEAL from the Probate Court of Henry.
Heard before the Hon. J. B. APPLING.

IN the matter of the final settlement of the accounts and vouchers of James W. Balkum, as guardian of Frances J. Howerton (now Starling), an infant. Several items in the guardian's account were contested by the ward, and exceptions were reserved by her to the rulings of the court in reference to those contested items; and the rulings of the court on these several matters are now assigned as error. A full statement of the facts, as disclosed by the bill of exceptions, is not necessary to a correct understanding of the legal points decided by the court.

J. A. CLENDENIN, for appellant.
W. C. OATES, *contra.*

B. F. SAFFOLD, J.—The appeal is upon exceptions taken by the appellant to the final settlement of her guardian.

1. A guardian in this State, as a general rule, is not chargeable with compound interest unless he collects it. *Tyson v. Sanderson,* January term, 1871; Revised Code, §§ 2426, 2427.

2. He should not be charged in specie because the funds received by him in February, 1861, were equivalent to it. The treasury-notes of the United States are made a legal tender for debts contracted before as well as since the act of congress of February 25, 1862.

3. A guardian is not permitted, of his own authority, to break in upon the capital of sums belonging to an infant.

If the income of the estate is insufficient for the maintenance and education of the ward, it must be so made to appear to the satisfaction of the probate court, and its order for the use of the principal obtained.—Revised Code, § 2433; Tyler on Infancy, 292. But the necessity of such use is not shown, when the ward is capable of maintaining herself, and no sufficient reason appears why the guardian could not cause her to be employed in some becoming manner.—*Long v. Norcom,* 2 Iredell's Eq. R. 354.

Where a guardian, with the care and consideration of a parent, is mindful of his ward's mental and moral culture, and encroaches upon the *corpus* of a small estate in the proper education and training of the ward, the court should be more disposed to sanction his expenditures, than where he leaves her to grow up in ignorance, committing her, perhaps, to the care of unsuitable persons, and not seeing her for several years at a time. It is within the authority of the probate court to protect the expenditure, when it exceeds the income, in such a case as the court would have ordered it.—Tyler on Infancy, 292–295.

The testimony clearly proves that the guardian paid little or no attention to his ward, and committed her entirely to the control of her aunt, who treated her with more or less severity, and compelled her to labor for her beyond the ordinary assistance which might be supposed to have been voluntarily rendered. Her education was wholly neglected, while her time was spent in the service of another. She was a healthy child, and her guardianship continued from her eighth to her eighteenth year. This is not such a case as would justify any encroachment upon the capital of her estate, or any considerable allowance for her board.—*Montgomery v. Givhan,* 24 Ala. 568–588; *Stewart, Guardian, v. Lewis,* 16 Ala. 734.

4. The guardian is a competent witness for himself. He must prove his credits, and after he has adduced sufficient evidence to sustain them, the contestant may rebut it with contrary proof.

The judgment is reversed, and the cause remanded.