# Moore & Handley Hardware Co. v. Curry *et al.*

*Bill in Equity to enjoin Sale under a Decree of Foreclosure.*

1. *Judgment or decree, conclusive of existence of a debt; not open to collateral attack.*—A judgment or decree in favor of a creditor against his debtor, rendered by a court having jurisdiction of the person and subject matter, in the absence of fraud or collusion, is conclusive evidence of the relation of creditor and debtor and of the amount of the indebtedness at the date of the rendition of the judgment or decree, not only as between the parties themselves, but as to other creditors or grantees of the judgment debtor; and the validity of such judgment or decree can not be inquired into collaterally.

Appeal from the Chancery Court of Lauderdale.
Heard before the Hon. Thomas Cobbs.

The bill in this case was filed April 18, 1892, by the appellant, the Moore & Handley Hardware Company, against the appellees, B. J. Curry, the Curry Manufacturing Company, and the assignee of the last named company; and prayed to have the respondent B. J. Curry enjoined from selling the property of the Curry Manufacturing Company under a decree foreclosing a mort-

gage executed to him by said company on May 1, 1890. The facts of the case are sufficiently stated in the opinion.

Upon the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, dissolved the temporary injunction issued when the bill was filed, and ordered the bill dismissed. The complainants appeal from this decree, and assign the same as error.

JOHN B. WEAKLEY, JR., SIMPSON & JONES and E. K. CAMPBELL, for appellant.—The judgment of the court of competent jurisdiction in favor of the plaintiff is conclusive evidence of the existence of the debt at the time of the rendition of the judgment, and can not be collaterally assailed.—Morawetz on Priv. Corp., §§ 865, 886 ; 1 Freeman on Judgments, § 165 ; Herman on Estoppel, §§ 137, 145 ; *Wittick v. Traun*, 25 Ala. 317.

C. E. JORDAN, D. D. SHELBY, and EMMETT O'NEAL, *contra.*—Only existing creditors can complain of the execution of corporate mortgages, or the diversion of corporate assets, as the equitable claim of creditors can attach only upon such assets as belong to the corporation at the creation of the indebtedness, or acquired by the company thereafter.—Morawetz on Corporations, (2d ed.) §§ 790, 793, 800 ; *Graham v. R. R. Co.*, 102 U. S. 148. Even an existing creditor can not assail a transaction in which a director, or officer of a corporation is beneficially interested, where the stockholders acquiesce, except on the ground of fraud.—*Conner M. & M. Co. v. Coosa F. Co*, 95 Ala. 614.

COLEMAN, J.—The pleadings in this case are quite voluminous, and a great deal of testimony was submitted at the final hearing. We find no serious conflict as to facts which are material in influencing legal conclusions. The complainant claims as purchaser at execution sale, and as judgment creditor of The Curry Manufacturing Company. B. J. Curry claims as a judgment creditor, as mortgagee and under a decree of foreclosure of his mortgage against The Curry Manufacturing Company. The judgments from which the complainant (The Moore & Handley Hardware Company) derive title were rendered in March, September and October, 1891. The

debt of Curry and the mortgage bear date 1st of May, 1890. Curry filed his bill to foreclose his mort- gage in June, 1891, and it was pending at the time of the sheriff's sale. The complainant charges that the debt to Curry was without consideration, that the mortgage to secure it was unauthorized and the decree of foreclosure obtained by collusion and fraud. A material question is to determine what effect shall be given to a judgment or decree in favor of a creditor against another creditor of their common debtor. The general rule is, that judgments and decrees are conclusive only upon parties and privies, and as to all other persons they are *res inter alios acta*, but the rule in this State, has not been extended, if in fact in any manner applicable, so far as to justify the other principle, that a judgment or decree in favor of a creditor against his debtor, rendered by a court having jurisdiction of the person and subject-matter, in the absence of fraud or collusion, is not conclusive evidence of the relation of creditor and debtor and the amount of the indebtedness at the date of the judgment or decree, not only as between the parties themselves, but as to other creditors, donees and grantees of the judgment debtor. Whether there were irregularities, or error in the conclusion of the court, are questions which cannot be inquired into collaterally. These principles are just and are sustained by the weight of authorities.—*Pickett v. Pipkin,* 64 Ala. 520 ; *Lawson v. Ala. Warehouse Co.,* 73 Ala. 289 ; *Anderson v. Anderson,* 64 Ala. 405 ; *Yeend v. Weeks,* 104 Ala. 330 ; Wait on Fraudulent Conveyances, § 270 ; Bump on Fraud. Con. 576–7; Bigelow on Estoppel, 142 ; 2 Black on Judgments, § 605 ; 1 Black on Judgments, § 317 ; Freeman on Executions, § 136 ; Freeman on Judgments, § 337 ; 2 Bigelow on Fraud, 138.

The principle is distinctly recognized in the case of *Robinson v. Davis,* 11 N. J. Eq. 302, and in the case of *Bensimer v. Fell,* 35 West Va. 15, (s. c. 29 Amer. St. Rep. 774,) the precise question arose, and in a well considered opinion, after a review of the authorities, it was held, that the judgment conclusively established the relation of debtor and creditor between the parties and all creditors as to the justness and amount of the debt, and could not be attacked except for fraud and collusion. Many other authorities might be cited. There

are opinions, some in our own courts, in which there are declarations tending to a different conclusion; but we are of opinion that the true rule is that announced by us in this opinion.

There is not an averment in the present bill presenting a fact why the complainant in the foreclosure suit, was not entitled to relief, that was not brought forward in defense of the bill to foreclose the mortgage, or in defense ot the suit upon the note in the court of law, and adjudicated in those suits, except that of fraud and collusion in procuring the decree of foreclosure. We cannot open and retry the case upon facts which have been finally settled.

The fact that the mortgage debt was contracted, and the mortgage to secure it was executed, prior to the date of the judgments upon which complainants rely for relief, or the creation of the debts upon which they were rendered, is not controverted. The validity of the mortgage and the justness of the debt, is res adjudicata by the judgment and decree of foreclosure. We need scarcely add, that complainants' evidence falls far short of establishing fraud or collusion in the procurement of either.

There is no error and the decree must be affirmed.

Affirmed.