# Shamblin *v.* Hall *et al.*

## *Statutory Action of Ejectment.*

1.. *Ejectment; admissibility of evidence; collateral attack.*—In an action of ejectment, where the parties claim through a common ancestor—the plaintiffs as heirs at law of decedent, who died intestate leaving no minor children, and the defendant as purchaser from the widow of deceased—and it is shown that the common ancestor died seized of the lands sued for occupying them as a homestead, that he left no debts and no administration was ever had on his estate, that the said lands were set apart to the widow as a homestead under proceedings regularly instituted thereof, and she so occupied them at the time she executed the deed thereto to defendant, it is competent for the plaintiffs to introduce evidence to show that said common ancestor died at a date prior to that stated in the petition filed by the widow to have said lands set apart to her as a homestead; and such evidence is not subject to the objection that it is a collateral attack upon the judgment of the probate court setting apart said homestead.

2. *Decedent's estate; right of widow prior to act of February 12, 1885; takes only life interest in homestead if estate solvent* Prior to the act of February 12, 1885, governing and providing for setting apart a homestead to the widow of a decedent (Acts, 1884-85, p. 114; Code, § § 2097, 2098), where the estate of an intestate was not declared insolvent, the absolute fee in his lands descended to and vested in his heirs, subject to the right of the widow and minor children to have a homestead set apart to them, and the title to said homestead as to the widow was limited to her life and as to the minor children to the term of their minority; and, therefore, if the owner of land died prior to 1885, intestate and leaving a widow but no minor children, and there was no administra-

tion on his estate and no ascertainment of its insolvency, a deed by his widow of the homestead regularly set apart to her conveyed only her life estate to the grantee, and furnishes such grantee no defense to an action of ejectment brought against him by the heirs of said intestate after the widow's death, to recover said lands.

APPEAL from the Circuit Court of Franklin.

Tried before the HON. E. B. ALMON.

The facts of the case are sufficiently stated in the opinion.

Upon the plaintiff's offering to prove that their ancestor, John Burleson, died on June 15, 1883, the defendant objected and moved the court to exclude the testimony, on the ground that said testimony is a collateral attack on the decree of the probate court setting aside said lands to Kizzie Burleson, the defendant's grand-daughter, said decree reciting the fact that said John Burleson died June 15, 1887; and on the further ground that plaintiffs can not collaterally impeach any material fact settled and adjudicated in said decree. The court overruled this objection and motion, and to this ruling the defendant duly excepted. The deed from Kizzie Burleson to the defendant was dated January 28, 1896.

The court, of its own motion, instructed the jury: "That if they believe from the evidence that John Burleson died prior to the 12th day of February, 1885, they must find for the plaintiff a two-thirds undivided interest in the lands sued for." The defendant duly excepted to this charge of the court, and also excepted to the court's refusal to give the following charge requested by her: "If they believe from the evidence that John Burleson died on the 15th of June, 1883, they must find for the defendant."

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

W. H. KEY and JAS. W. BOTTON, for appellant.—The proceeding to set aside the homestead under the law at the time of the death of John Burleson, to wit, June,

1887, as alleged in the widow's petition, vested an absolute and feasible title to the lands in the widow.—Acts, 1884-85, p. 114; Acts 1892-93, p. 138; *Wilkins v. Walker*, 115 Ala. 590; *Smith v. Boutwell*, 101 Ala. 273; *DeArmond v. Whitaker*, 99 Ala. 252. The proceeding was *in rem*, and can not be colatterally attacked.—12 Amer. & Eng. Encyc. of Law, 148, 149; *Hays v. Collier*, 47 Ala. 726; *Lyons v. Hamner*, 84 Ala. 197; *Moore v. Cottingham*, 113 Ala. 148; *Reese v. Nolan*, 99 Ala. 203; *Cotton v. Holloway*, 96 Ala. 544; *Cantelou v. Whitley*, 85 Ala. 247; *Townsend v. Steele*, 85 Ala. 580.

ALMON & BULLOCK, *contra*.—Under the law in force in June 1883, when John Burleson, died—which law determines the rights of the parties in the suit—unless there was a decree of insolvency, the widow took only a life interest in the homestead, and this was the only interest acquired by Kizzie Burleson, although it was set aside under a subsequent law.—*Taylor Admr. v. Pettus*, 52 Ala. 287; *Dossey v. Pitman*, 81 Ala. 381; *Munchens v. Harris*, 69 Ala. 506, 510.

The act of 1884-5, approved February 12th, 1885, declaring an administration unnecessary and by its words applying to past transactions, can have no influence in determining the present dispute, as Burleson died in 1883, before this act went into effect and the act of 1884-5, was repealed before the homestead was set aside by Act of 1886-7, approved February 12th, 1887, and the property was not set aside until January, 1896. So the law in force when John Burleson died, and the law in force when the homestead was set aside, only vested a life interest in Kizzie Burleson. The bill of exceptions affirmatively shows that the plaintiffs were not parties to the proceeding in the Probate Court, to set aside the homestead and therefore are not estopped.—1 Herman on Estoppel, § 20, p. 14, 7 Amer. & Eng. Ency. Law, p. 2.

Furthermore, whether John Burleson, died in 1883, or 1887 was not a material issue in the proceedings to set aside the homestead, because his widow would have been entitled to have the property set aside to her, whether he died at one time or the other.

DOWDELL, J.—This is a statutory action of ejectment brought by appellees against appellant. The appellees, plaintiffs in the court below, claimed as heirs at law of John Burleson, deceased, the common ancestor of plaintiffs and defendant, and sued to recover an undivided interest in the lands described in the complaint. The defendant relied upon a deed executed to her by Kizzie Burleson, widow of John Burleson. The undisputed facts as shown by the bill of exceptions are, that John Burleson was the common ancestor and died in possession of the land in question, that the same was his homestead, and in area less than 160 acres and in value less than $2,000, and was all the land he owned; that his personal property was less than $1,000 in value; that he left no debts and no administration was ever had on his estate; he left surviving him a widow, Kizzie Burleson, but no minor children; that the widow continuously occupied said homestead to the date of her death which occurred in December, 1897.

The widow Kizzie Burleson filed her petition with the probate judge of Franklin county on the 27th day of November, 1895, to have said homestead set apart to her, in which said petition it is averred, among other things, that the said John Burleson died June 15th, 1887. The proceedings had on said petition were in all respects regular as provided by the statute, and on the 18th of January, 1896, the probate judge of said county made an order setting apart said homestead to said widow.

The only dispute in the evidence was as to the date of the death of John Burleson. The evidence of plaintiffs tended to show that he died on the 15th of June, 1883, while that of the defendant tended to show that he died in 1887.

It was averred in the application filed by the widow in the proceeding to set apart the homstead that the said John Burleson died on the 15th of June, 1887, and it is contended by the appellant that the court below erred in permitting evidence by the plaintiffs tending to show that said Burleson died on the 15th day of June, 1883, for the reason, that it was a collateral attack of

[Shamblin v. Hall *et al.*]

the judgment of the probate court. We do not think
there is any merit in this contention. In the first place,
the order of the probate judge set out in the record, con-
firming the report of the commissioners and setting
apart the land in question as a homestead does not recite
the date of the death of said Burleson, and in the second
place the evidence offered was not in the sense or charac-
ter of an impeachment of the order. The plaintiffs were
not parties to that proceeding, and indeed, no provision
is made by the act for making them parties. As a rule
judgments and decrees only conclude the rights of those
who are parties to the proceeding and their privies. The
recital of evidential facts in a judgment or decree can-
not bind or conclude third parties or strangers. It was
competent for the plaintiffs to show that the death of
John Burleson occurred at a date prior to that stated
in the application filed by Kizzie Burleson with the pro-
bate judge, and the court committed no error in admit-
ting the testimony.

The acts of February 12th, 1885, (Acts, 1884-85, p.
114), and the act of February 28, 1887, (Acts, 1886-87,
p. 112) amendatory thereof, which provide for setting
apart homestead to the widow of a decedent, by express
terms, is made applicable to estates of decedents who
have died prior to the enactment of the statute as well
as those dying subsequent to its passage. There can be
no doubt of the power of the legislature to pass laws
governing and regulating the descent of property in
cases of intestacy, and also to provide for homestead and
exemption and the manner of setting apart the same.
The power of the legislature in this respect can only
be limited by constitutional provision.—*Smith et al. v.
Boutwell et al.*, 101 Ala. 373. Prior to the act of Feb-
ruary 12, 1885, the widow of the decedent took only a
life estate in the homstead set apart to her, except in
cases where by decree of the probate court the estate was
ascertained and declared insolvent, in which event the
absolute title to the homestead vested in the widow, or
widow and minor children, or minor child or children
as the case may be. Subject to these statutory provis-
ions upon the death of the ancestor intestate, *eo instanti*,
the legal title to the real estate descended to and vested

35

[Shamblin v. Hall *et al.*]

in his heirs at law. Where the estate was solvent the absolute fee in the lands of the decedent descended to and vested in the heir subject to the right to have set apart out of the same a homestead to the widow and minor children; the title to said homestead as to the widow being limited to her life, and as to the minor to the term of his minority. The title so descending to the heir became a vested right, and it was not within the power of the legislature by statutory enactment after the title had become vested in the heir by descent, to divest it out of the heir and vest it in another. To do so would be to deprive the citizen of his property without due process of law. In the Code of 1886, the act of February 12th, 1885, forms sections 2562-3-4-5, but the retroactive feature in the original act is omitted in the codification. The amendatory act of February 12th, 1887, which contains the retroactive clause, is published in the same Code under a marginal note on page 570. This latter act together with sections 2562 and 2563 of the Code of 1886, were recodified and in the present Code, 1896, forms sections 2097-8. In this last codification, the retroactive feature of the original and amended acts is omitted.

Our conclusion is, that if John Burleson died in June, 1883, which was prior to the act under which the proceedings were had in the probate court to set apart the homestead, the absolute fee to the land in question descended to his heirs at law subject to the widow's homestead in the same, which was only a life estate under the then existing statute as to homestead, there having been no administration on the estate, and ascertainment of insolvency. There was no error in the charge given by the court and excepted to by defendant, nor in the refusal of the charge requested by defendant.

There is no error in the record, and the judgment of the circuit court must be affirmed.