## ROWE et al. v. JOHNSON et al.    (4 Div. 262.)

(Supreme Court of Alabama. May 6, 1926.)

**1. Judgment 678(2).**

Generally, a judgment or decree is binding on parties and privies; but, technically speaking, there can be no privity where there is not identity of interest.

**2. Judgment 678(2).**

A person to be in "privity" must be either a privy in blood or estate or in law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Privity —Privy.]

**3. Judgment 668(2)—Probate judge, being sued for alleged negligence in failing to require guardian to make good bond, is not bound by decree of probate court settling guardian's account, since he was not party or privy thereto (Code 1923, § 7700).**

Under Code 1923, § 7700, probate judge, in suit against him and his surety for alleged failure to require guardian to make good and sufficient bond, was not bound by judgment rendered in probate court on settlement of guardian's account, since he was not a party to proceedings and was not privy thereto.

**4. Judges 37—Probate judge, in suit against him and surety for alleged failure to require guardian to make good bond, is entitled to show sum used by guardian for maintenance and education, and which should have been credited to guardian on settlement (Code 1923, § 8177).**

In view of Code 1923, § 8177, authorizing probate judge to appropriate principal of estate of minors if necessary for maintenance and education, probate judge, in suit against him and his surety for alleged negligence in failing to require guardian to make good and sufficient bond, is entitled to show what amount was used by guardian therefor, and what should have been credited to him on settlement, as showing what damages were sustained on account of insufficient bond.

**5. Appeal and error 1170(7).**

Sustaining plaintiff's objection to question, proof of which had already been made by plaintiffs, *held* not prejudicial to defendants, under Supreme Court rule 45.

**6. Trial 260(1).**

Under Code 1923, § 9509, refusal to give requested charges substantially and fairly given in court's oral charge to jury *held* not error.

**7. Judges 37—Probate judge is liable on his official bond for any injury sustained by wrongful act or omission of his clerk in approving guardian's bond in name of judge of probate (Code 1923, § 9592, subds. 3, 5; Loc. Acts 1907, p. 243, § 2).**

Under Code 1923, § 9592, subds. 3 and 5, giving chief clerk of judge of probate power to approve bonds in name of judge, and Loc. Acts 1907, p. 243, § 2, requiring judge to keep office and clerk at Enterprise, such judge is liable on his official bond for any injuries sus-

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tained by wrongful act or omission of clerk in approving guardian's bond in name of judge of probate.

Somerville and Gardner, JJ., dissenting.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Suit by Malzie Johnson and others, by their next friend, Lena Johnson, against S. N. Rowe and another. From a judgment for plaintiffs, Laura E. Rowe, executrix of the last will and testament of S. N. Rowe, and another, appeal. Transferred from the Court of Appeals under Code 1923, § 7326. Reversed and remanded.

W. W. Sanders, of Elba, for appellants.

A guardian is entitled to credit for funds of the estate used in support, education and maintenance of the ward. Code 1923, § 8177; Bean v. Harrison, 213 Ala. 33, 104 So. 244. The judge of probate is not a surety of the guardian in such sense as that a judgment or decree against the guardian is binding upon him. Judgments and decrees are not binding upon strangers thereto. Shamblin v. Hall, 123 Ala. 541, 26 So. 285; Kilgore v. Kilgore, 103 Ala. 614, 15 So. 897; 34 C. J. 526; Beatty v. Davenport, 45 Wash. 555, 88 P. 1109, 122 Am. St. Rep. 937, 13 Ann. Cas. 585. As against a third party, not a privy thereto, a judgment is only admissible to show the fact of rendition. Code 1923, § 7700. The act of approving a guardian's bond is judicial, and not ministerial, and the act of the clerk, being unauthorized, was not the act of defendant Rowe. Local Acts 1907, p. 242, § 2; Hamilton v. Williams, 26 Ala. 527; Merlette v. State, 100 Ala. 42, 14 So. 562; Perkins v. Reed, 14 Ala. 536; Lott v. Brewer, 64 Ala. 287; Mobile County v. Williams, 180 Ala. 639, 61 So. 963; Williams v. Finch, 155 Ala. 399, 46 So. 645.

O. S. Lewis, of Dothan, and J. N. Ham and J. C. Fleming, both of Elba, for appellees.

The act of approving the bond was ministerial. Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65. Counsel discuss other questions, but without citing additional authorities.

MILLER, J. This is a suit by Malzie, Arthur, Lilla, and Oyer Johnson, minors, by their next friend, Lena Johnson, against S. N. Rowe, and the National Surety Company, as his surety on his official bond as former judge of probate of Coffee county, Ala., to recover damages for alleged neglect or omission of said Rowe, as judge of probate, to require of H. T. Edgar, as their guardian, to make a good and sufficient bond, and that he took thereon insufficient surety, and that the bond of the guardian was insufficient, which was approved by the judge of probate for that the sureties thereon were insolvent at the time the bond was approved, and that plaintiffs were damaged thereby in the sum of $654.88, with interest, assets of theirs received by said guardian, which they cannot collect from him or the sureties on his bond.

This suit was brought under section 4373, Code of 1907, which is the same as section 8146, Code of 1923. The jury returned a verdict in favor of the plaintiffs, and a judgment was rendered thereon by the court. After the judgment was rendered S. N. Rowe died and this appeal is prosecuted by Laura E. Rowe, the executrix of his last will and testament, and by the National Surety Company.

H. T. Edgar made application to the probate court at Enterprise, in Coffee county, to be appointed guardian of the plaintiffs, on December 15, 1919. The petition was granted by the court, and the amount of the bond to be made by him was fixed at $940, and he made the bond, conditioned and payable as the statute requires, and with E. D. Edgar and H. P. Edgar as sureties, which was approved in the name of the judge of probate, S. N. Rowe, by his clerk at that office on December 15, 1919.

The plaintiffs, by their next friend, in June, 1921, filed petition with said Rowe, as judge of probate, to have H. T. Edgar, as their guardian, removed, on the ground he failed to make and file an inventory of their estate, and had received their money, put it to his own use and benefit, and made no report thereof. The court on the hearing found the averments true, ordered the guardian removed, and directed him to file his accounts for final settlement of his guardianship. The guardian failed to make final settlement during the term of office of Judge Rowe, but did, after being attached under orders of Judge Carnley, as judge of probate, successor to Judge Rowe, file his account for final settlement, and on April 30, 1923, the settlement was heard in this probate court, and decree was rendered, adjudging this guardian was due the plaintiffs the sum of $654.88, and directed execution therefor to issue against said H. T. Edgar and the sureties on his bond. Execution issued and was returned no property found. These minors, plaintiffs, were all under the age of 14 years. Their guardian received for them not exceeding $660.63, which was their entire estate. The principal of the estate of each was about $140. Lena Johnson is the mother and next friend of these children, plaintiffs in this cause. It appears that their father was dead when H. T. Edgar was appointed and qualified as guardian. Their mother was examined as a witness, and she testified, in part, as follows:

"These children, the plaintiffs, were living with me at the time the guardian's bond was executed, and they have lived with me ever since. I have no property of my own, no estate of my own, and I have no income, but I have had the care and custody and the maintenance of these children. I have had to take care of them, and the guardian didn't pay me anything. After Mr. Edgar was appointed

guardian, I called on him for contributions to the expense of taking care of the children.

"At this point the defendants' counsel made known to the court that the defendants expected to prove, and they offered to prove by this witness, that the guardian contributed or paid to the witness, as the mother of the plaintiffs, the money which came into his hands as guardian, belonging to the estate of said children, and that it was so paid for the purpose of maintaining, supporting, educating, and caring for said children in a manner suitable to their condition and station in life, and under such circumstances as that a court of equity would allow the guardian credit on final settlement, and plaintiffs' counsel objected to the proposed proof, on the ground that the said probate decree of April 30, 1923, was conclusive upon the defendant S. N. Rowe, as former probate judge, and upon the other defendant, as his surety, and the court sustained the plaintiffs' objection, and declined to permit the defendants to prove that the guardian had made such payments or disbursements of the funds which came into his hands as guardian, and to that ruling the defendants reserved an exception. The trial court remarked, in dealing with the proposed proof and the plaintiffs' objection thereto, that he would hold that the decree is conclusive against the offer of Judge Rowe to question or contradict it, and that the decree is binding on Judge Rowe, and that neither he nor his surety would be allowed to show or prove anything that contradicted the recitals of the decree."

[1] "A judgment is admissible between any parties to show the fact of the rendition thereof; between parties and privies thereto it is conclusive as to the matter directly in issue, until reversed or set aside." Section 7700, Code of 1923; section 4002, Code of 1907. This decree on final settlement of the guardianship is conclusive as to all matter directly in issue between the parties, and their privies thereto. The defendant Rowe, ex-probate judge, was not necessary nor a proper party to that settlement, and was not a party to it. Was defendant Rowe a privy thereto? "It is true, as a general rule, that a judgment or decree is binding on parties and privies; but, technically speaking, there can be no privity, where there is not an identity of interest." Winston v. Westfeldt, 22 Ala. 760, 771, 58 Am. Dec. 278. The defendant Rowe has no identity of interest with either party to the guardianship settlement decree. He owns and has no interest in it.

[2] A person to be in privity must be included in these classes, viz.:

"A privy in blood, or estate; or in law." McLelland v. Ridgeway, 12 Ala. 482, 485.

"To be a privy to another, a man must claim by or under that other by blood, as heir, by representation, as executor, or by contract, as vendee, assignee, and the like; and a privy must come after him to whom he is privy, and never precedes." Crutchfield's Heirs v. Hudson, 23 Ala. 393, 400.

[3] It is clear and plain that defendant Rowe was neither a party to that probate proceeding and decree, nor is he a privy thereto. He does not come within either of the categories in respect to the parties to that proceeding. Authorities supra. And he is not bound nor concluded by that decree when he was not a party to it, and is not a privy thereto, and did not possess the power to make himself a party. He had no right in that proceeding to introduce evidence and cross-examine witnesses. He had no right therein to ascertain and present the truth as to the debits or credits that should be made on the settlement between the guardian and the wards, and, in justice he should not be and is not bound by the result and the amount of that decree as conclusive of the amount of damages sustained by the plaintiffs for his neglect or omission in taking and approving the bond of their guardian with insufficient surety, if true. He is entitled to and should have his day in court on that issue. McLelland v. Ridgeway, 12 Ala. 482; Shamblin v. Hall, 123 Ala. 541, 26 So. 285; Kilgore v. Kilgore, 103 Ala. 614, 15 So. 897, and authorities supra.

The father of the plaintiffs was dead, their mother had no property and no income. She was unable to maintain and support them according to the evidence. They had only about $140 each in the hands of their guardian, and each was under 14 years of age.

In writing on final settlement between guardian and ward, this court, in Starling v. Balkum, 47 Ala. 314, 316, wrote:

"It is within the authority of the probate court to protect the expenditure, when it exceeds the income, in such a case as the court would have ordered it."

And under the statute on application of the guardian the court could have ordered the guardian to appropriate so much or such part of the principal of the estate of the minors as may be necessary for his maintenance and education, if the income of the estate is insufficient for such maintenance and education in a manner suitable to their prospects and condition in life. Section 8177, Code of 1923; section 4404, Code of 1907.

[4] From the evidence the income from and the principal of the estate of the plaintiffs were insufficient for their maintenance, and their mother was unable to do so. If the estate, the principal of these wards, the plaintiffs, was used by their guardian, through their mother, for maintaining or supporting or educating them, then their guardian, on the settlement, should have been credited therefor, and the defendants should have been allowed by the trial court in this cause to make proof thereof to show what amount of, if any, damages were sustained by them on account of the defendant Rowe approving the bond of their guardian, with insufficient surety, if true. Authorities supra.

See, also, Bean v. Harrison, 213 Ala. 33, 104 So. 244, headnotes 10, 11, and authorities there cited.

[5] There are two probate offices in Coffee county; one at Elba, and the other at Enterprise. Local Acts 1907, p. 243. Wyatt O. Byrd was clerk of the probate judge, Rowe, at the office at Enterprise. He testified as a witness for the defendants. The defendants asked him this question, and the court, on objection of the plaintiffs, would not permit him to answer it:

"Judge Rowe wasn't actually present at that time, was he—at the time the bond was signed, was he?"

The defendants stated they expected to prove by him "that Judge Rowe was not present at the time the bond was signed." The court could with propriety have allowed the witness to answer the question; but the defendants cannot complain because the plaintiffs, by their mother and next friend, had already proved that "she was present when the guardian made his bond, and at the time it was approved. Judge S. N. Rowe was not present on that occasion. H. T. Edgar, the guardian, was present, and E. D. Edgar and H. P. Edgar and Wyatt Byrd were present." The proof desired by the defendants to this question had already been made by the plaintiffs; it was undisputed in the evidence, and no injury by the ruling could have resulted to the rights of the defendants. Rule 45 of this court.

[6] The defendants requested the court to give separately written charges numbered 2, 4, 5, 8, and 10, and the court refused to give each of them. In this no errors were committed by the court. Some of these charges contain defects not necessary to mention. The same rule of law stated or attempted to be stated in each of these charges was substantially and fairly given to the jury in the court's oral charge to the jury, and in written charges numbered 3, 6, 7, and 9, which were requested by the defendants and given by the court to the jury. Section 9509, Code of 1923, and authorities there cited.

The defendants insist that the general affirmative charge, with hypothesis, requested in writing in their favor, should have been given because the bond of this guardian was approved by the clerk of the judge of probate at Enterprise office, in the name of the judge of probate, and he had no authority to approve bonds, and they are not liable for his act in so doing. The bond was approved by Wyatt O. Byrd, who was clerk of the judge of probate, Rowe, at Enterprise office at the time. Under the statute the chief clerk of the judge of probate has the power to approve bonds in the name of the judge of probate. Section 9592, subds. 3 and 5, Code 1923, same as section 5430, Code of 1907. Section 2 of the local act of 1907 (page 243, Local Acts 1907), which establishes this office at Enterprise, states:

The judge of probate shall keep "a clerk, in his absence, in charge of said office * * *

who shall have power and authority, for and in the name of such judge of probate, to perform all ministerial acts in connection with the office and business thereof and for whose acts the said judge of probate shall be liable on his official bond; * * * and any person injured by any wrongful act or omission of such clerk may in his own name, sue * * * on the judge of probate's bond."

Wyatt O. Byrd, witness for defendants, testified:

"I was his chief clerk in the Enterprise office, and as such I discharged the duties prescribed by law in passing upon bonds and issuing letters of guardianship. * * * I remember the bond of H. T. Edgar, as guardian of the Johnson children, and I identified the paper shown me as being a bond. I approved that bond in the name of Judge Rowe, probate judge."

[7] So under the evidence and the statutes, we must hold the judge of probate, Rowe, is liable on his official bond for any injury sustained by the plaintiffs by any wrongful act or omission of his clerk Byrd in approving in the name of the judge of probate this bond of the guardian of plaintiffs. The court did not err in refusing to give to the jury that general affirmative charge in favor of the defendants. There was evidence, if believed by the jury, which would authorize the jury to return a verdict in favor of the plaintiffs, and there was evidence, if believed, which would authorize the jury to return a verdict in favor of the defendants. Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 802, headnote 8; McMillan v. Aiken, 205 Ala. 35, 88 So. 135, headnotes 9–11.

For the error mentioned, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, THOMAS, and BOULDIN, JJ., concur.

SOMERVILLE and GARDNER, JJ., dissent.

SOMERVILLE, J. The gravamen of plaintiff's cause of action is that, although they had judgment in the probate court against their removed guardian for $654.88, being the balance found to be due from him to them on an accounting for assets received by him, yet this amount has not been paid to them by the guardian, and the sureties on his official bond are insolvent and were insolvent when the bond was approved; wherefore, by reason of the negligence of the probate judge in that behalf, plaintiffs have been damaged to the amount of their judgment. Only the general issue was pleaded.

The evidence showed that the judgment or decree against the guardian was on final settlement with him after his removal; that he was present in court and represented by counsel; that the court heard all the testimony in behalf of the guardian and of the

wards; and that, upon a statement of debits and credits, the probate court decreed that the guardian was liable to account for "the amount of balance not legally expended," with interest; and that a decree was duly rendered against the guardian and his sureties for the balance so ascertained, $654.88. It was further shown that execution was issued on that judgment, and returned no property found, and that there was no property out of which it could have been satisfied.

Defendants proposed to show, in contradiction of plaintiffs' claim of damage, that the guardian, in fact, paid over to the mother of plaintiffs the money which came into his hands as guardian, for the purpose of educating and supporting plaintiffs, and that the payment was made "under such circumstances as that a court of equity would allow the guardian credit on final settlement." The trial judge rejected this offer, holding that the decree against the guardian is binding on defendants as to the amount due from him to plaintiffs.

A majority of the court hold that this ruling was erroneous; their theory being that, as the defendants were not parties to the probate proceeding, and not in privity with the guardian, the decree is without force as against defendants in establishing the amount of the guardian's indebtedness to plaintiffs, and that, notwithstanding its ascertainment by that decree, defendants may show by extrinsic evidence that the probate court should not have rendered a decree of indebtedness against the guardian —in short, that he was not indebted to plaintiffs, and hence that plaintiffs have not been legally hurt by the wrongful negligence of the defendant Rowe in approving an insufficient bond.

If this were a proceeding to enforce the judgment in question against these defendants, I would agree with the majority's ruling, and concur in the application of the doctrine relied on. But I conceive that that doctrine has nothing to do with the case. The issue to be determined was simply the amount of damage—pecuniary loss—resulting to plaintiffs from the negligent act of the defendant Rowe. The probate court had found and solemnly adjudged, upon a full and open hearing of parties and witnesses, that the guardian was liable and must pay to his wards the sum of $654.88. It was a valid judgment, enforceable against the guardian and his sureties, and collectable if the sureties had been solvent. The conclusion, it seems to me, is plain and irrefutable, that the injury done to plaintiffs by the approval of an insolvent bond must be measured *by the amount of their judgment*, the fruit of which has been lost to them solely by reason of the wrongful act complained of. And upon what principle, indeed, should these defendants be allowed to escape liability for the violation of a plain statutory duty, by reopening and relitigating to a contrary conclusion the deliberate finding of a competent court as to the obligation of this guardian to his wards?

The vice of the proposition is, I think, clearly shown by a consideration of its correlative, which must be equally as sound, and is in fact equally as bad; for had plaintiffs, in the face of the amount of indebtedness established by their judgment, offered to show an indebtedness due them from their guardian of *$1,600* instead of $600, I apprehend that this court would promptly deny its admissibility, not properly because of any estoppel in favor of defendants (who were neither parties nor privies), but because the judgment is *conclusive evidence of the amount of the indebtedness* due from the guardian, and fixes the amount recoverable from him and his sureties, and therefore necessarily fixes the amount of plaintiffs' damage resulting from defendants' wrong.

I do not see how judicial subtlety can distinguish between the two propositions, or ascribe merit to the one while condemning the other. If one is good both are good, and if one is bad both are bad, for the same principle must govern in either case.

Authorities directly in point are not wanting. In Yeend, Adm'r, v. Weeks, 104 Ala. 331, 340, 16 So. 165, 167 (53 Am. St. Rep. 50), after stating the limitation on the principle of estoppel by judgment, this court said:

"But this principle does not, in any wise, conflict with that other, that where a judgment is rendered by a court of competent jurisdiction in the regular course of judicial proceeding, without fraud or collusion, it is *conclusive evidence of the amount and existence* of a debt at the time of its rendition, and that, in a proceeding by the plaintiff against the defendant and his grantee, to set aside an alleged fraudulent conveyance, such judgment, *whether rendered prior or subsequent* to the conveyance, is competent evidence of the debt, and that the plaintiff therein stands in a relation to be affected or injured by the conveyance [here, that plaintiffs stand in a relation to the defendant guardian to be injured by the wrong of the probate judge in approving an insolvent bond]." (Italics supplied.)

So, in Moore, etc., Co. v. Curry, 106 Ala. 284, 286, 18 So. 46, this court again declared:

"The general rule is that judgments and decrees are conclusive only upon parties and privies, and as to all other persons they are *res inter alios acta*, but the rule in this state has not been extended, if, in fact, in any manner applicable, so far as to justify the other principle, that a judgment or decree in favor of a creditor against his debtor, rendered by a court having jurisdiction of the person and subject-matter, in the absence of fraud or collusion, is not conclusive evidence of the relation of creditor and debtor and the amount of the indebtedness at the date of the judgment or decree, not only as between the parties themselves, but as to other

creditors, donees, and grantees of the judgment debtor. Whether there were irregularities, or error, in the conclusion of the court, are questions which *cannot be inquired into collaterally.* These principles are just and are sustained by the weight of authorities." (Italics supplied.)

Again in Pickett v. Pipkin, 64 Ala. 520, 523, this court said:

"It [the judgment] establishes the relation of debtor and creditor between the parties to the record, and the amount of the indebtedness. There may have been error, or irregularity, in its rendition, or laches in making defense against it, or the court may have mistaken the law, and the rights of the parties to it. The controversy it silences cannot be reopened and retried collaterally."

Those decisions are expressly *not based* on the principle of estoppel by judgment, for the judgments were given conclusive effect *as evidence* of the debt and its amount against prior, as well as subsequent, grantees of the judgment debtor.

In Bensimer v. Fell, 35 W. Va. 15, 24, 12 S. E. 1078, 1081, 29 Am. St. Rep. 774, 781 (cited and approved in Moore, etc., Co. v. Curry, supra), it was held that a judgment for a debt is, as between the judgment creditor and other creditors, conclusive to establish the relation of debtor and creditor and the justness and amount of the debt, and cannot be attacked, except for fraud or collusion. In that case the court observed:

"In Bigelow, on Estop. 142, it is laid down that a judgment in favor of A. against B. cannot be disputed by C., except on the ground that a fraud against creditors, of whom he is one, or against himself in some other relation, e. g., as surety, has been committed; nor can the amount of the judgment be contradicted. Third parties cannot object when those who have exclusive right to settle a question have done so without fraud."

In Cooper v. Utah, etc., Ry. Co., 35 Utah, 570, 102 P. 202, 210, 136 Am. St. Rep. 1075, 1081, the court said:

"The law with respect to such matter is that a judgment, rendered by a court having jurisdiction of subject-matter and of the parties, is, in the absence of a plea and proof that it was obtained by fraud or collusion, conclusive as to the relation of debtor and creditor, and the amount of the indebtedness, not only as between the parties, but also as to third parties in a subsequent suit, where such relation and indebtedness are called in question, and may not be impeached collaterally. 2 Black on Judgments, § 605; 23 Cyc. 1286; Bensimer v. Fell, 35 W. Va. 15, 12 S. E. 1078, 29 Am. St. Rep. 774; Strong v. Lawrence, 58 Iowa, 55, 12 N. W. 74."

In 34 Corpus Juris, 1053, § 1486, the rule is thus stated:

"A judgment is admissible in evidence as against a third person to prove the indebtedness of the judgment debtor to the judgment creditor, and the amount thereof, on the day of its rendition; and, in the absence of fraud or collusion, is conclusive evidence of these facts."

And again (page 526, § 526) the rule as to collateral impeachment by third persons is thus stated:

"A stranger to the record, who was not a party to the action in which the judgment was rendered nor in privity with a party, is not prohibited from impeaching the validity of the judgment in a collateral proceeding; but in order to do so he must show that he has rights, claims, or interests which would be prejudiced or injuriously affected by the enforcement of the judgment, and which accrued prior to its rendition, unless the judgment is absolutely void. Thus situated he may attack the judgment on the ground of want of jurisdiction, or for fraud or collusion, but he cannot object to it on account of mere errors or irregularities, or for any matters which might have been set up in defense to the original action."

The foregoing considerations and authorities impel me to enter my respectful dissent to the decision of my brethren in this case. I cannot but regard it as a radical departure from settled principles of law, and a destructive inroad upon the integrity and stability of judgments, based upon a failure to observe the real issue presented by the complaint, and a failure to distinguish between the principle of estoppel by judgment, on the one hand, and the use and effect of a judgment *as evidence* of the status of the parties thereto, on the other.

Looking to the narrower aspects of the decision, if it were conceded that defendants could thus impeach the judgment set up in the complaint, I think it would be matter of special defense requiring a special plea (Cooper v. Utah, etc., Ry. Co., supra), and, as for the offer to show payments by the guardian to the mother of plaintiffs, under such circumstances that a *court of equity* would allow them as credits in favor of the guardian, I do not think that a *court of law*, in a collateral proceeding, can make and enforce such an allowance, especially in the face of the fact that the court of probate, having jurisdiction of the cause, has declined to do so.

I think the judgment should be affirmed.

GARDNER, J., concurs in the foregoing.

SAYRE, J. (concurring). I hesitate to prolong the discussion; but the cases cited by Judge SOMERVILLE seem to require some notice. My judgment is that they do no more than declare the familiar proposition that, in a suit by a judgment creditor to set aside a conveyance by the debtor for fraud, the grantee or other privy will not be heard to question the judgment in favor of the creditor, except on the ground of fraud. Thus in Bensimer v. Fell, 35 W. Va. 15, 12 S.

E. 1078, 29 Am. St. Rep. 774, it was written that—

"Such judgment is evidence to the same extent against those claiming property that may be affected by the judgment derived from the judgment debtor, for the reason that parties claiming property under the judgment debtor are his. privies in estate, since they claim under him the property affected by the judgment; and it is a cardinal rule, applicable to judgments, that they bind parties and privies, whether in blood, law, or estate. * * * But it is a rule that, to bind a man as a privy in estate, he must have acquired his interest after the judgment, not before. A grantee of land is not affected by a judgment against the grantor after the conveyance"—citing 2 Black on Judgments, § 549; Freeman on Judgments, § 162; Bigelow on Estoppel, 135; 1 Greenl. Ev. § 536; Kitty v. Fitzhugh, 4 Rand. (Va.) 600.

The cases cited by Judge SOMERVILLE are all cases involving alleged fraudulent conveyances—cases in which the proceedings were directed against specific parcels of land; cases in which the judgments were at least quasi in rem. 15 R. C. L. p. 630.

The case here is very different. The judgment here was a personal judgment against the guardian, binding on his sureties in the absence of fraud, it is conceded, because the surety is in privity with his principal. In that case the sureties are held as in privity with their principal, the guardian, because the guardian was required by law to settle his guardianship, and the due performance of that obligation was within the condition of his bond. Gravett v. Malone, 54 Ala. 21. In the case at bar I do not find such element of privity. The judge of probate entered into no covenant that bonds approved by him should be solvent. It was his duty to exercise care to that end, but that was his only connection, immediate or remote, with issues raised in this case, and that issue was wholly foreign to the issues raised in the action against the guardian and his bond.

But, as Judge MILLER has pointed out, there was no privity between the guardian and the defendant judge. Privity is sometimes said to be a matter of difficulty, but I have been unable to find any definition that would include the relation here in question. I therefore conclude that the judge was a stranger to the proceeding against the guardian, and is now shielded by an inflexible maxim of jurisprudence against injury by the judgment rendered. Coles v. Allen, 64 Ala. 98; McLemore v. Nuckolls, 37 Ala. 662; 2 Black on Judgments (2d Ed.) § 600; Freeman on Judgments (5th Ed.) § 444 et seq.

I have made this addition to the record, for the reason that the authorities cited for the first time in the dissenting opinion have not heretofore been noticed, and because it seemed not amiss to add two or three cases which appear to be right closely in point.