O'Neal Brown and wife Huldie Brown, and Johnny Brown and wife Georgia Brown, appeal from a judgment dismissing their complaint. We affirm as to Johnny and Georgia Brown, but reverse as to O'Neal and Huldie Brown.
On March 21, 1961, Viola Brown, the mother of Johnny and O'Neal Brown deeded property owned by her to Johnny Brown. Two years later Viola hired the defendant, *Page 458 
Joe E. Terry, to make improvements on her home. After the work was completed she failed to pay Terry, who then required Johnny Brown to sign a mortgage to satisfy Viola's debt to him. A few months later, on December 17, 1963, Johnny and his wife, Georgia, transferred this property outright to Terry.
In 1971, Johnny and Georgia Brown brought an action against Joe E. Terry alleging that the deed to him was obtained by fraud. A decision was rendered in favor of Terry finding that the plaintiffs had no title to the property.
Suit was brought on July 18, 1978, by O'Neal Brown, Huldie Brown, Johnny Brown and Georgia Brown, against Joe E. Terry. They alleged that the deed dated March 21, 1961, transferring property from Viola Brown to Johnny Brown was a forged deed which should be cancelled, giving them fee simple title to the property.
Joe E. Terry filed a motion to dismiss, alleging that the plaintiffs' complaint failed to state a claim against him upon which relief could be granted under Rule 12 (b)(6), ARCP. He further alleged that plaintiffs' complaint was barred by the defense of res judicata on the ground that Johnny and Georgia Brown had already brought suit in 1971, and a judgment had been rendered adversely to them. The circuit court granted this motion to dismiss.
There are two issues presented for our consideration. They are:
 (1) may plaintiffs Johnny and Georgia Brown now litigate whether the 1961 deed is a forgery when they relied on it as being good and valid in their 1971 suit?; and
 (2) are O'Neal and Huldie Brown in privity with Johnny and Georgia Brown requiring the barring of their claim under the doctrine of res judicata?
The difference between the claim in the instant case and the claim in 1971 is, that in 1971, it was alleged that the deed to Joe E. Terry was obtained by fraud, while now the assertion is that Johnny Brown never obtained title in 1961, and thus could not have made a valid conveyance to Terry in 1963.
A party who has, with knowledge of the facts, assumed a particular position in a judicial proceeding will be estopped from assuming an inconsistent position to the prejudice of an adverse party. United Security Life Insurance Co. v. BirminghamTrust Nat. Bank, 282 Ala. 295, 211 So.2d 139 (1968); Maner v.Maner, Jr., 279 Ala. 652, 189 So.2d 336 (1966); Bromberg v.First Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48 (1938);Brown v. French, 159 Ala. 645, 49 So. 255 (1909).
In the 1971 action, Johnny and Georgia Brown relied on the validity of the 1961 deed against defendant Joe E. Terry. In so doing, they are now estopped in this proceeding against Terry from alleging that the 1961 deed was a forgery.
O'Neal and Huldie Brown were not parties to the 1971 suit, and are not estopped from claiming the 1961 deed to be a forgery.
Appellee contends that O'Neal and Huldie Brown should be precluded from bringing this action by the doctrine of res judicata, as being in privity with Johnny and Georgia Brown. We disagree. Res judicata is not applicable to the fact situation before us and even if it were to apply, O'Neal and Huldie Brown would not be bound by it.
For a decision to be res judicata to one not a party to the suit, they must be in privity of estate or blood, or in law with the parties in the former action. Rowe v. Johnson,214 Ala. 510, 108 So. 604 (1926); Clark v. Whitfield, 213 Ala. 441,105 So. 200 (1925).
Privity would be lacking here. We find no privity exists between brothers as a matter of course. 1B Moore's FederalPractice 0.414 [11], at 1660 (2d ed. 1974), reads:
 The rule is generally recognized that privity for purposes of judicial finality, does not normally arise from the marital *Page 459 
relationship, nor from the relationship between parent and child.
This rule is equally applicable to siblings.
 To be a privy to another, a man must claim by or under that other, by blood, as heir, by representation, as executor, or by contract, as vendee, assignee, and the like; and a privy, must come after him to whom he is privy, and never precedes. -2 Thomas' Coke 506.
Crutchfield's Heirs and Adm'r v. Hudson, 23 Ala. 392, 400
(1853).
In the 1971 suit Johnny and Georgia Brown alleged the deed to Terry was obtained by fraud. O'Neal and Huldie Brown were not parties to that suit, and if Johnny and Georgia Brown had received a favorable decision O'Neal and Huldie would not have been benefited or suffered a detriment.
Because O'Neal and Huldie were not parties to the former suit, they are not precluded from bringing the present suit.
The judgment granting the motion to dismiss the complaint is affirmed as to Johnny and Georgia Brown, and is reversed as to O'Neal and Huldie Brown.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.